# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WEINBENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 0393 |
| | ) | |
| LOCAL 2, INTERNATIONAL | ) | Judge Joan B. Gottschall |
| ALLIANCE OF THEATRICAL STAGE | ) | |
| EMPLOYEES, MOVING PICTURE | ) | Magistrate Judge Martin C. Ashman |
| TECHNICIANS, ARTISTS AND | ) | |
| ALLIED CRAFTS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Weinbender ("Weinbender") has filed suit against defendant Local 2, International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts ("Local 2") alleging violation of his union membership rights under various sections of the Labor-Management Reporting and Disclosure Act (the "LMRDA"), 29 U.S.C. § 401, *et seq*. Presently before the court is Local 2's motion for summary judgment. For the reasons set forth below, Local 2's motion is granted.

### I. BACKGROUND

Local 2 represents stagehands and other employees in the performing arts in the Chicago area. Local 2 operates a referral service pursuant to collective bargaining agreements ("CBAs") with various local employers, referring interested participants to employers who are signatories to the CBAs and who have contacted Local 2 seeking workers. Participants in the referral service need not be members of Local 2. Individuals

who wish to join Local 2 typically work for several years through the referral program prior to submitting a membership application.

The CBAs in place between Local 2 and the various employers specify that the employers will provide contributions on behalf of referred employees performing work covered by the agreements. These payments are made to one or more multi-employer benefit plans, including the Stagehands Union Local Two Health & Welfare Fund, the Stagehands Union Local Two Retirement Fund, and the Stagehands Union Local Two Annuity Fund (the "Funds"). The CBAs mandate that employers make contributions to the Funds for all referred employees, regardless of whether or not they are members of Local 2. Moreover, individuals who receive referrals to employers who are signatories to the CBAs are assessed 4% of their gross wages by Local 2: this assessment is claimed as "union dues" for members of Local 2 and a "working assessment" for non-members (Local 2 members also pay quarterly union dues). The purpose of the 4% assessment in either case is to cover the expenses incurred in running the referral program. Separate records are kept of the employers' contributions to the Funds and the 4% assessments of the individual employees.

The Constitution and By-Laws of Local 2 (the "constitution") prescribes the method by which an individual becomes a member of Local 2. Article 3, Section 3, specifies that approval of a candidate's submitted application by the Executive Board is essential before any further action may be taken. Def.'s Mot. Summ. J. Ex. 2, Art. 3, §3. The Executive Board may require successful completion of an examination demonstrating the candidate's competency and qualifications prior to giving its approval. *Id.* Once approval of the Executive Board has been obtained, the candidate's name is

proposed for admission at a regular meeting of the local; the affirmative vote of a majority of the members present is required to admit an applicant to membership. *Id.* at Art. 3 § 4. Newly-admitted members are required to pay an initiation fee of no more than $1200; $150 of which is to be paid upon registration, with the balance paid thereafter in monthly installments of $75. *Id.* at Art. 3 § 8.

Alternatively, individuals who are members of other locals of the International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada (the "International") (of which Local 2 is a charter member) may apply to transfer into Local 2. Members of other locals wishing to so transfer must present an application to Local 2 as a new member together with a transfer card from the local from which the applicant seeks to transfer. *Id.* Art. 8 § 1. Although it is not directly evident from the constitution, it is undisputed by the parties that the ensuing admission procedure is substantially identical to that for new members. Pl.'s Resp. to Def.'s LR 56.1 Stat. of Fact ¶ 15.

Weinbender was a member of Local 110, a sister local under the International, from 1998 through 2005. Weinbender worked periodically for various employers through Local 2's referral plan from 1998 through at least February 2003. On August 20, 2003 Weinbender filed an unfair labor practice complaint with the National Labor Relations Board (the "NLRB"), alleging that Local 2 had arbitrarily ceased to refer him for work under the referral program in violation of the National Labor Relations Act (the "NLRA"), 29 U.S.C. § 151, *et seq*. In June, 2004, a settlement was reached on Weinbender's complaint. Shortly thereafter, on July 16, 2004, Weinbender filed a second complaint with the NLRB, again alleging discriminatory practices by Local 2, which,

3

Weinbender alleged, referred him less frequently than other workers. That complaint was dismissed by the NLRB on September 16, 2004; a subsequent appeal was likewise denied. Relations between Weinbender and Local 2 subsequently deteriorated sharply and acrimoniously and, on March 31, 2005, Local 2's counsel wrote to Weinbender informing him that it would no longer refer him for employment. In response, Weinbender filed a third complaint with the NLRB. That complaint was dismissed on July 29, 2005, with the NLRB upholding Local 2's decision to terminate him from the referral program. This decision was also appealed, but the NLRB again denied the appeal. Weinbender subsequently filed the instant suit, alleging: (1) violations by Local 2 of his LMRDA-protected rights as a member of a labor organization under 29 U.S.C. §§ 411(a)(2), 411(a)(5), 415, and 529; (2) that Local 2 had failed to give him copies of various collective bargaining agreements in violation of Section 104 of the LMRDA, 29 U.S.C. § 414; and (3) that he had been subjected to threats and violence in violation of Section 610 of the LMRDA, 29 U.S.C. § 530. Presently before the court is Local 2's motion for summary judgment upon Weinbender's suit.

## II. ANALYSIS

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette,* 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing

party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

As an initial matter, Weinbender has failed to respond to, or otherwise address, Local 2's motion for summary judgment with respect to his claims (2) and (3) above. It is undisputed by both parties that Weinbender never requested a copy of any CBA within the six-month limitations period applicable to Section 104 of the LMRDA and that Weinbender's claim is therefore time-barred. *See Gardner v. Int'l Tel. Employees Local No. 9*, 850 F.2d 518, 522-239 (9th Cir. 1988).[1] Likewise, Weinbender does not dispute Local 2's motion with respect to its argument that there is no private cause of action for damages under Section 610 of the LMRDA (which imposes criminal penalties for the employment of, or threat to employ, force or violence against a member of a labor organization), nor can the court find any federal precedent to support such an action. *See Moore v. Local 569 of Int'l Bhd. of Elec. Workers*, 653 F. Supp. 767, 775 (S.D. Cal. 1987). The court therefore grants Local 2's motion for summary judgment with respect to these two claims of Weinbender's complaint.

With respect to Weinbender's remaining claims alleging violation of his rights as a member of a labor organization under various sections of the LMRDA, Local 2 argues

---

[1] The Seventh Circuit has not yet explicitly adopted the six-month statutory limitation period of the NLRA to such claims made under the LMRDA. However, Weinbender does not contest Local 2's motion for summary judgment or whether he failed to apply for a copy of any CBA within the relevant interval. The court therefore considers any objection waived.

5

that Weinbender cannot successfully allege that Local 2 violated his membership rights under the LMRDA because he is not, and has never been, a member of Local 2. Local 2 argues that Weinbender cannot therefore succeed on his claims that Local 2: (1) abridged his freedom of speech in violation of 28 U.S.C. § 411(a)(2); (2) fined, suspended, expelled, or otherwise disciplined him without affording him the due process protections of 29 U.S.C. § 411(a)(5); (3) failed to inform him of his rights under the LMRDA in violation of Section 105 of the LMRDA, 29 U.S.C. § 415; and (4) wrongfully expelled him from membership for exercising his rights under the LMRDA in violation of Section 609, 29 U.S.C. § 529.

Local 2 contends that none of these protections apply to Weinbender because he never fulfilled the requirements prescribed by the constitution to become a member by either the new application or transfer of membership processes. Local 2 states, and Weinbender does not dispute, that no application of Weinbender's was ever approved by the Local 2 Executive Board, that his name was never proposed at a general meeting of Local 2 and approved by majority affirmative vote, that his name was never carried on the membership rolls of Local 2, that he never attended a Local 2 meeting, that he was never assessed or paid the initiation fee or quarterly dues specified in the constitution, and that he never received a Local 2 union card or submitted a transfer card from Local 110. Indeed, Local 2 argues, Weinbender continued to pay membership dues to Local 110 until he was expelled from membership for failure to pay those dues in 2005.

Weinbender instead relies on several arguments in favor of his claim that he was a member of Local 2, and is therefore entitled to invoke the protections of the LMRDA in his claim against Local 2. First, Weinbender avers that he was told in 1999 or 2000 by

6

Jim Schnoebelen ("Schnoebelen"), the president of Local 2, that he should keep his Local 110 card and, "when the time comes, you'll transfer." Weinbender Dep. 41-42. Weinbender also testified that Schnoebelen told Weinbender that Weinbender was "exclusively with us now" and that he used the word "member" with respect to Weinbender, saying that the number on his monthly statements from Local 2 was his "member number" *Id.* at 43-44. Weinbender stated that at that time, although he continued to carry a Local 110 card, he considered himself a member of Local 2. Furthermore, Weinbender claimed that he believed that the settlement agreement reached between Local 2 and the NLRB recognized him as a member of Local 2. *Id.* at 43.

However, Weinbender also refers to a 2004 conversation with Robert Ingersoll ("Ingersoll"), the business agent of Local 2, in which Weinbender asked when he would receive a Local 2 union card, and Ingersoll told him that he would look into it, but would not make any promises. *Id.* at 75-76. Weinbender further testified that he never received any communication from Local 110 to the effect that he was a member of Local 2, but he contends that his monthly statements from Local 2 constituted notification that he was a member of that local. *Id.* at 85-88. Finally, Weinbender adduces his receiving an insurance card as evidence of his membership in Local 2. *Id.* at 77-78.

Local 2 is correct that the protections afforded by the sections of the LMRDA at issue in Weinbender's complaint apply only to "members" of labor organizations.[2] Local

---

[2] *E.g.* "Every *member* of any labor organization shall have the right to meet and assemble freely with other *members* …." 29 U.S.C. § 411(a)(2); "No *member* of any labor organization may be fined, suspended, expelled, or otherwise disciplined … unless such *member* has been …." 29 U.S.C. § 411(a)(5); "Every labor organization shall inform its *members* concerning the provisions of this chapter." 29 U.S.C. § 415; It shall be unlawful for any labor organization … to fine, suspend, expel, or otherwise discipline any of its *members* for exercising any right to which he is entitled under the provisions of this chapter. 29 U.S.C.A. § 529. (emphases added).

7

2's motion for summary judgment turns, therefore, on whether there is a genuine issue of material fact concerning whether or not Weinbender was a member of Local 2.

The court finds that there is no such issue of material fact. The LMRDA defines "member" and "member in good standing" as: "[A]ny person who has fulfilled the requirements for membership …, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization." 29 U.S.C. § 402(o). It is undisputed by both parties that Weinbender has not fulfilled the requirements for membership in Local 2 that are explicitly set forth in its constitution. Weinbender does not dispute the fact that he never met the initial threshold requirement for membership, approval of his application by the Executive Board, which is the explicit *sine qua non* of the membership process. Def.'s Mot. Summ. J. Ex. 2, Art. 3, § 3. Weinbender's name was never put forth or approved for membership by a majority affirmative vote at a general meeting. Weinbender never paid quarterly dues or an initiation fee to Local 2 and he continued to pay dues to Local 110 into 2005. Finally, Weinbender never obtained a transfer card from Local 110 or presented one to Local 2, nor did he ever receive a Local 2 union card.

Weinbender cites *Alvey v. General Electric Co.*, 622 F.2d 1279 (7th Cir. 1980), in support of his contention that the court can recognize him as a "member" of Local 2, despite the fact that he has failed to satisfy the requirements for membership. *Alvey*, however, is highly distinguishable from the case at bar. In *Alvey*, a union's rule that required that members pay their dues in order to remain in good standing conflicted with another rule holding that laid-off union members were not permitted or required to pay

dues. *Alvey*, 622 F.2d at 1284-85. Therefore, laid-off union members were determined by the union to be not in good standing and consequently precluded from voting on matters that were of direct and fundamental importance to them. *Id.* at 1285. The Seventh Circuit recognized that a member "who has fulfilled the membership requirements, that is, one who is a member in substance, is protected [by the applicable statute]. *Id.* Therefore, Weinbender asserts, because he relied upon the equivocal statements of Schnoebelen, and because his monthly assessment statements from Local 2 show that he was assigned a number, he is in fact a "member in substance." However, unlike Weinbender, all of the laid-off union "members in substance" in *Alvey* were presumably members in good standing prior to being laid off, for that issue was never raised in the case.

Weinbender also quotes the Eleventh Circuit's decision in *Dept. of Labor v. Aluminum, Brick and Glass Workers International* in support of his contention that the court should find that there is a genuine issue of material fact as to whether he is a "member in substance" of Local 2, and therefore entitled to the protections of the LMRDA:

> Although a union's interpretation of its own bylaws and constitution is entitled to deference, the court may apply its own definition of membership to vindicate the purpose of the Act, which was to guard the rights of union members against abuse by union officials. … In the context of defining "member," this may involve determining whether membership has been denied to a member "in substance" or has been denied because the union failed to exercise a mere ministerial duty to bestow membership upon someone who properly had met all the existing requirements for membership.

941 F.2d 1172, 1177 (11th Cir. 1991) (internal citations omitted)..

Weinbender's argument is unavailing. Again, the case cited by Weinbender is highly distinguishable from the case at bar. In *Aluminum, Brick and Glass Workers*, the Eleventh Circuit upheld the district court's grant of summary judgment against union members who filed suit after being denied the right to vote in union elections. 941 F.2d at 1177. The union members who were denied the right to vote had failed to pay a uniformly-imposed strike assessment and were therefore deemed by the union to be no longer members in good standing. *Id.* Weinbender does not claim that he has lost his Local 2 membership for failure to pay his dues and thus remain in good standing; indeed, he admits that he has never paid quarterly dues or an initiation fee to Local 2 at all. Furthermore, Weinbender cannot demonstrate that he has fulfilled the requirements for admission to membership in Local 2.

The Seventh Circuit has repeatedly reminded the court of the policy against judicial interference in the internal affairs of unions. *See Local 657, United Bhd. of Carpenters v. Sidell*, 552 F.2d 1250, 1254 (7th Cir. 1977). Weinbender cannot argue that membership has been withheld from him simply by Local 2's failure to perform some ministerial act, such as failing to present him with a union card. Weinbender does not dispute that he has failed to complete the substantive initial or transfer application processes required by Local 2's constitution for membership. Moreover, Weinbender does not argue that the application process limned in the constitution is somehow unfair, discriminatory, or unreasonable. Given the statutory requirement that a member have "fulfilled the requirements for membership," which Weinbender does not dispute that he has failed to do, the court cannot construe him to be a member of Local 2 for the purposes of the LMRDA. 29 U.S.C. § 402(o).

Furthermore, Weinbender's production of his monthly assessment statements only further undermines his case. Weinbender produced assorted monthly statements from Local 2 for the interval between March 2000 and January 2001. Pl.'s LR 56.1 Stat. of Facts Ex. 8. These statements clearly indicate that Weinbender was billed for the 4% assessments required of both members and non-members under Local 2's referral program. *Id.* However, these statements also indicate that Weinbender paid no quarterly union dues ("card dues") during that interval, as required of Local 2 members.

Finally, the "622" next to Weinbender's name on the statements does not explicitly indicate that that was his "union membership number." However, even were the court, viewing the facts in the light most favorable to Weinbender, to consider this number to be a "membership number," the irreducible and undisputed fact remains that Weinbender failed to fulfill the requirements for membership as prescribed by Local 2's constitution. Weinbender thus fails to meet the statutory definition of "member" or "member in good standing" as specified in 29 U.S.C. § 402(o). He cannot therefore be considered a member of Local 2 for the purpose of invoking the protections afforded to labor organization members by the LMRDA. And since Weinbender's claims against Local 2 are derived pursuant to the various sections of the LMRDA described above, Local 2's motion for summary judgment must be granted.

## III. CONCLUSION

For the reasons set forth above, Local 2's motion for summary judgment is granted.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 23, 2008